[Cite as *Veljanovski v. Graber Oak Flooring, Inc.*, 2022-Ohio-2594.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| DIMCHE VELJANOVSKI | : | JUDGES: |
| | : | Hon. Earle E. Wise, Jr., P.J. |
| Plaintiff-Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| GRABER OAK FLOORING, INC. | : | Case No. 22CA0003 |
| | : | |
| Defendant-Appellee | : | O P I N I O N |



CHARACTER OF PROCEEDING:          Appeal from the Municipal Court,
                                  Case No. 21CVI00049



JUDGMENT:                         Affirmed



DATE OF JUDGMENT:                 July 28, 2022



APPEARANCES:

For Plaintiff-Appellant                   For Defendant-Appellee

NATHANIEL H. HURST                        WILLIAM FLAUTT
36 North Second Street                    115 West Main Street
P.O. Box 919                              P.O. Box 490
Newark, OH  43058                         Somerset, OH  43783

*Wise, Earle, P.J.*

{¶ 1} Plaintiff-Appellant, Dimche Veljanovski, appeals the December 7, 2021 decision of the Municipal Court of Licking County, Ohio, finding in favor of Defendant-Appellee, Graber Oak Flooring, Inc.

FACTS AND PROCEDURAL HISTORY

{¶ 2} In April 2020, appellant purchased a kit from appellee to build a pole barn. Appellant determined the kit he purchased contained incorrect materials.

{¶ 3} On May 7, 2021, appellant filed a complaint against appellee claiming breach of contract. A hearing before a magistrate was held on October 14, 2021. By decision filed October 21, 2021, the magistrate found in favor of appellee. Appellant filed objections claiming the decision was against the manifest weight of the evidence. By judgment entry filed December 7, 2021, the trial court overruled the objections and adopted the magistrate's decision.

{¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

I

{¶ 5} "THE TRIAL COURT ABUSED ITS DISCRETION IN ADOPTING THE MAGISTRATE'S DECISION FINDING THAT DEFENDANT-APPELLEE MET ITS RESPONSIBILITY UNDER THE CONTRACT AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶ 6}   In his sole assignment of error, appellant claims the trial court abused its discretion in adopting the magistrate's decision against the manifest weight of the evidence.  We disagree.

{¶ 7}   In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 8}   On review for manifest weight, the standard in a civil case is identical to the standard in a criminal case: a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury [or finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction [decision] must be reversed and a new trial ordered."  *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).  In *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *Black's Law Dictionary* 1594 (6th Ed.1990), the Supreme Court of Ohio explained the following:

Weight of the evidence concerns "the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other.  It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them.  Weight

is not a question of mathematics, but depends on its *effect in inducing belief.*"  (Emphasis sic.)

{¶ 9}  In weighing the evidence, however, we are always mindful of the presumption in favor of the trial court's factual findings.  *Eastley v. Volkman,* 132 Ohio St .3d 328, 2012-Ohio-2179, 972 N.E.2d 517.

{¶ 10} We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact.  *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990).  The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

{¶ 11} As explained by this court in *Caley v. Glenmoor Country Club,* 5th Dist. Stark Nos. 2013 CA 00012 & 2013 CA 00018, 2013-Ohio-4877, ¶ 59-61:

In order to succeed on a breach of contract claim, the plaintiff must demonstrate that: (1) a contract existed; (2) the plaintiff fulfilled his obligations; (3) the defendant breached his obligations; and (4) damages resulted from this breach.  *Chaney v. Ramsey,* 4th Dist. No. 98CA614, 1999 WL 217656, (Apr. 7, 1999), citing *Doner v. Snapp,* 98 Ohio App.3d 597, 600, 649 N.E.2d 42 (2nd Dist.1994).

" '[B]reach,' as applied to contracts is defined as a failure without legal excuse to perform any promise which forms a whole or part of a contract, including the refusal of a party to recognize the existence of the

contract or the doing of something inconsistent with its existence." *Natl. City Bank of Cleveland v. Erskine & Sons, Inc.,* 158 Ohio St. 450, 110 N.E.2d 598 (1953), paragraph one of the syllabus.

" 'When the facts presented are undisputed, whether they constitute a performance or a breach of a written contract, is a question of law for the court.' " *Koon v. Hoskins,* 4th Dist. No. 95CA497, 1996 WL 30018, (Jan. 24, 1996), fn. 5, quoting *Luntz v. Stern,* 135 Ohio St. 225, 20 N.E.2d 241 (1939), paragraph five of the syllabus.

{¶ 12} During the hearing, the magistrate heard from appellant and a representative for appellee, Ernie Graber.

{¶ 13} Appellant testified the pole barn was supposed to be 12 feet high, therefore the metal sheet panels for the sides should have been 9 feet 3 inches long, but instead they were 8 feet 3 inches long. T. at 3. Appellant stated he did not receive the building that he asked for. T. at 5. He had to purchase additional materials at Menards to finish the project at a cost of $1,449.93. T. at 10.

{¶ 14} Mr. Graber explained how the pole barn was to be built, and testified if appellant "had installed the grade boards properly at the right height the siding should have fit perfectly same as the uh the 1500 other buildings that we've built in the last about 13 years." T. at 13-14. Mr. Graber stated when appellant came to purchase the kit, they walked outside to review sample buildings and he specifically explained to appellant about the placement of the metal siding. T. at 14. Mr. Graber opined the kit was correct.

T. at 15-16.  Defendant's Exhibit C is a wall section diagram showing specifically where and how the siding was to be installed.  Appellant's signature is at the bottom of the page.

{¶ 15} In his October 2, 2021 decision, the magistrate found appellant had signed the contract of purchase, instructions, and the plans.  The magistrate concluded "[h]ad he followed the instructions and plans, there would have been the materials needed to complete construction and he would not have needed the additional materials that he purchased from Menard's for $1,449.93."

{¶ 16} Appellant filed objections, arguing the magistrate's decision was against the manifest weight of the evidence.  By judgment entry filed December 7, 2021, the trial court overruled the objections, finding the following:

> Plaintiff asserted the material was too short, and the defendant's witness testified that it was not too short if the building was properly assembled according to the specifications.  The Magistrate is in the best position to weigh the evidence and determine the credibility of testimony. The record does not demonstrate that the Magistrate's decision was against the manifest weight of the evidence.

{¶ 17} The trial court independently reviewed the magistrate's decision and the record and adopted the magistrate's decision.

{¶ 18} Upon review, we find the testimony and exhibits presented to the magistrate support the finding for appellee.  We do not find any manifest miscarriage of justice.

{¶ 19} The sole assignment of error is denied.

{¶ 20} The judgment of the Municipal Court of Licking County, Ohio is hereby affirmed.

By Wise, Earl, P.J.

Gwin, J. and

Baldwin, J. concur.

EEW/db